PER CURIAM:
Claimant brought this action for damage to his motorcycle which occurred when his motorcycle struck a hole on State Route 26 in Albright, Preston County. State Route 26 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fhlly stated below.
The incident giving rise to this claim occurred on June 12,2008. State Route 26 is a paved, two-lane road with yellow center lines and white edge lines. The travel lanes are between twelve to fourteen feet in width. Claimant was riding his motorcycle up a hill at approximately thirty miles per hour when his motorcycle struck a hole on State Route 26. The hole was situated at a location that had once been a railroad crossing where the tracks had been overlaid with asphalt. The claimant testified that a portion of the railroad’s track was exposed inside the hole. Claimant was not aware of the condition of the road prior to this incident.
Larry Jenkins testified that he was also riding his motorcycle in the area on the day of the incident. However, he was not present when the claimant’s incident occurred, and he did not ride through this area until the claimant called him after the incident. Mr. Jenkins observed that the hole was approximately nine feet wide and between six to eight inches deep. As a result of this incident, claimant’s motorcycle *109 sustained damages in the amount of $720.12. Since claimant’s insurance deductible at the time of the incident was $500.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on State Route 26. Larry Weaver, Highway Administrator for respondent in Preston County, testified that State Route 26 is a first priority road in terms of its maintenance. He stated that more than five years ago, there were two sets of railroad tracks at this particular location. Then, CSX had a private contractor overlay the southbound tracks with asphalt. Mr. Weaver contacted the supervisor for the private contractor to request that the northbound tracks also be overlaid. However, the contract between CSX and the private contractor only provided for the removal of the southbound tracks. According to Mr. Weaver, a road may exhibit this type of unraveling between five to ten years after it is overlaid with asphalt.
Although Charlie Bailer, respondent’s foreman, notified Mr. Weaver that there were some areas where the pavement had unraveled to reveal the railroad tracks, he was not aware of any problems at this particular location prior to the claimant’s incident. After the claimant reported the problem to the respondent, Mr. Bailer investigated the condition of the road in this area. Respondent discovered that the area of the road that was deteriorating was on CSX’s right-of-way, and respondent is not authorized to work on CSX’s right-of-way. Mr. Weaver instructed Mr. Bailer to notify CSX of the problem. Initially, CSX declined ownership of the right-of-way, but then CSX acknowledged that this area was on their right-of-way. Currently, Mr. Weaver testified that respondent is in the process ofworking with CSX to resolve this situation. While the issue is being resolved, respondent has maintained this area and performed temporary repairs on the right-of-way on an emergency basis. Respondent continues to monitor the condition of the road at this location.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and areasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that respondent cannot be held liable for this particular portion of the road because it is situated on CSX’s right-of-way. Respondent is only permitted to perform maintenance on CSX’s right-of-way in emergency situations. Since respondent responded to the situation in a timely manner, the Court is of the opinion that respondent took all the necessary steps to ensure the safety of the traveling public at this location. The responsibility for the maintenance of this portion of the road lies with CSX. Thus, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
Claim disallowed.